In the Matter of the City Commission on Human Rights, Petitioner, *v.* Gerzon Wurman et al., Respondents.

Supreme Court, Special Term, Kings County, January 26, 1967.

*J. Lee Rankin, Corporation Counsel,* for petitioner. *Joseph H. Ginsberg* for respondents.

Walter R. Hart, J. The petitioner, City Commission on Human Rights (herein also referred to as the Commission), has applied by order to show cause pursuant to subdivision 4 of section B1–8.0 of the New York City Administrative Code, for a temporary injunction enjoining respondents from renting or otherwise disposing of the subject apartment pending a hearing and determination by the Commission of a charge of discriminatory practice on the part of respondents consisting of their alleged refusal to rent the apartment to one Esther Henderson because of her race and/or color.

The petitioner has alleged that its preliminary investigation of the complaint filed with it by Esther Henderson on or about August 29, 1966 had disclosed that there was probable cause to credit the allegations of the complaint. The respondent Eve Wurman, with whom the complainant allegedly dealt, has submitted an opposing affidavit in which she denies the charge that she refused to rent the apartment to Mrs. Henderson because of race or color.

A reply affidavit sworn to October 26, 1966, submitted by the office of the Corporation Counsel acting as attorney for the petitioner asserts that on October 24, 1966, following various adjournments of the instant motion, a hearing was held by the Commission, and that the petitioner now seeks a temporary injunction only until a determination and decision is handed down. The affiant asserts that the respondents have stated that they will rent the apartment to someone else if the stay contained in the order to show cause is vacated and injunctive relief is denied. The papers before the court also disclose that the Commission, by order dated October 25, 1966, held in abey-

ance a final determination on the merits and referred the matter to the Conciliation Division for further investigation and conciliation. This order further provided that " in the event that this case is not conciliated the matter be then referred back for a final decision." It now appears that conciliation proceedings are futile and that a decision on the merits must be rendered by the Commission.

The court is of the opinion that in view of the public policy considerations herein involved, which would be frustrated by a rental of the subject premises to someone other than the complainant, should it ultimately be determined that the respondents engaged in the unfair practice charged by the complainant, the matter should be held *in status quo* by continuing the injunctive relief provided by the stay granted in the order to show cause, so as to provide the Commission with a reasonable time in which to render its decision. However, the court is also aware that any prolonged delay in rendering such decision could well cause serious adverse effects to the respondents by depriving them, during the time in which the injunction is in effect, of the rental income which they might otherwise be receiving.

The motion of petitioner is accordingly granted without prejudice to an application by respondents for an order of this court vacating the injunction in the event that the Commission does not render a decision on the merits on or before February 28, 1967.

It may be pointed out anent any suggestion by respondents' attorney to the contrary, that the merits of the case are not before the court. If respondents are aggrieved by, and seek review of, an order of the Commission, they should adopt the procedure set forth in section B1–9.0 of the Administrative Code.